V. HAWK IMPORTERS Good morning, Your Honor. Please, the Court. My name is Kurt Edmondson. I represent Hawken Porters. I'm here with Co-Counsel Scott Pruendell and my clients in the galley. This is a case on a motion to reopen that was brought approximately four years after the dismissal with prejudice. That issue here is Seminole case, Kokanen, regarding jurisdiction. Where is this Court's jurisdiction? Where do you base that on? This Court's jurisdiction is based on three points. One is the inherent jurisdiction of the Court under the patent laws. If you look at the decision, the patent act… But the complaint was based on copyright and trademark issues, wasn't it? The original complaint was based on copyright and trademark, but the motion to reopen had allegations of design patent infringement and the decision by the district court referenced Brulat, which was the patent scope of the patent act. How do you deal with the fact that your opposing counsel and their referee says, we don't believe the district court's injunction covers the design patents, which didn't even exist as of the time of the injunction? Well, you'd have to look at the order itself. The order references the term intellectual property. So if this was simply a breach of contract case, then there would be… Well, the settlement agreement itself is just a contract. It doesn't have to refer to any intellectual property. The contract says… But it's a settlement of disputes over trademark and copyright and trade dress, right? It was a settlement, but there was no admission by either side that there was any infringement either of done. So there was no actual determination in case one, the 2003 case, that either parties had infringed the product. There was allegations, but on the settlement they said neither party admits that there was any allegations. This case is dismissed with prejudice. Here's our settlement agreement. That is the contract. That is at issue. Well, wouldn't the district court's then later order have to be interpreted in light of that earlier litigation? I would disagree. The attachments to the settlement agreement show a list of products. Now, in theory, these products could have no intellectual property attached to them whatsoever. They could be simply generic magnifiers that don't necessarily… But when you're comparing products to products, you're not in patent law. When you're comparing your products to their products, that can be trade dress, that can be business torts, that can be perhaps trademark, but you've got to have claims at stake in a patent case. And so when you're just comparing products, you're not in our area at all. That's true, but… That's all I seem to see. I don't see our patent inherent jurisdiction that you talk about at stake at any point. But the motion to reopen specifically referenced two patents at issue. Right. So we have to do two things for you to have jurisdiction here. One is we have to assume that that order, that the judge's order that just refers generically to intellectual property, meant to cover design patents that had not yet issued. And then secondly, we have to assume that Christensen would allow an expansion of our jurisdiction to cover any order that purported to address patents, as opposed to just a well-pleaded complaint. Is that right? That is true. Okay. And you think Christensen would allow us to do that? I would think Christensen would allow it on the basis of the court's interpretation of Brulette. Now, as an alternative in your brief, you suggested that if we conclude we don't have jurisdiction, you ask that we transfer this to the Second Circuit? That's correct. Okay. And would you agree that if we find that we don't have jurisdiction, that that would also govern our jurisdiction over the appeal of the related sanctions appeal? That would be correct, because if this court doesn't have inherent jurisdiction due to the patent laws, then obviously it wouldn't have inherent jurisdiction over the related sanctions. Okay. But continue on assuming that this court has jurisdiction. Okay. On issue here is Kokanen. Kokanen clearly says that if they're in the order of dismissal with prejudice, if there's not incorporation by reference or the actual settlement agreement incorporated within the order itself, that there's no jurisdiction. This follows the Second Circuit law of Franco-Perez-Robertson. But what makes this case a little distinguishable from Kokanen is we have this allegation of a design patent infringement in the motion to reopen. This comes to a part of Kokanen, an early part of the opinion, where he talks about the same case or controversy test under Gibbs. Here we not only are talking about the settlement agreement, but we're also talking about allegations of design patent infringement. In the motion to reopen. In the motion to reopen. To reopen a case that had already been decided that didn't involve patents. A case that was not decided, it was settled. Settled, right. Yeah. That was brought not involving patents. That's right. So that's what makes this case somewhat unique in the sense that not only do we have a breach of settlement agreement allegations, but we also have the allegations of design patent infringement. What about the fact that the district court actually made a specific finding that the dismissal order and settlement agreement operating together did authorize the court to retain jurisdiction over the entirety of the agreement between the parties? Well, then. Shouldn't we defer? I mean, the district judge is the one who wrote it. The district judge was or authorized it. The district judge was there. The district judge certainly understood what the parties wanted vis-a-vis the district judge's jurisdiction because district judges have to make decisions as to whether they're going to continue to exercise jurisdiction. Well, I believe your review now is de novo over that order of dismissal. So we actually are going to look at the language of the order of dismissal itself. There is some risk to a district judge interpreting her own order in the sense that she can look with hindsight and say, this is what I thought the parties meant or this is what could have been, could have, what I thought four years earlier. What we should look at is what the actual written language of the order says. And the written language of the order, I think it's docket entry 26, does not pass the two-part test that's laid down in the Second Circuit. With regard to the actual secondary issue, which is the breach of the settlement agreement. In the breach of the settlement agreement, the plaintiffs did not meet their burden of proof of showing an actual sale of the product. There was allegations of offering to sell. There is a declaration of that. They went to a trade show, offered to sell it, but there was no actual evidence in the sense of a purchase order or an invoice or any of that sort of docket entry. In fact, you conceded the offer to sell, didn't you? We conceded the offer to sell, but the injunction and the contract itself says that we're allowed to advertise. It doesn't say we're not allowed to offer to sell. What it says is that we can sell. We are not allowed not to sell, import, or distribute. Also, there's an ambiguity in the contract in the sense that the copying devices have to be made from the same molds. And there's no evidence of any molds introduced into the record. So as a matter of contract law, which is reviewed de novo, there could be no real breach of the agreement. You can draw an inference of what molds should do or not do, but the plaintiff didn't introduce the molds into evidence. And lastly, on the third point, which I believe to be more critical, is that when you look at the scope of the injunction, here we have an injunction where the court has said, you cannot infringe or copy plaintiff's intellectual property, but puts no time limits on that injunction. That issue is that you could conceivably in the future, my clients could develop a new product. They could develop a new product, their competitors in the industry, and that could lead to a finding of contempt just on the fact that in parallel they independently created something, but by virtue of them being identical or infringing, it could be the same product. So that I consider to be incredibly risky because there's such vagueness and ambiguity in the over breadth of the scope of the injunction. Did you raise these arguments as objections to the magistrate judge's R&R? Yes, I did. Your opponent says that you didn't, and I don't see anything in the record that indicates that these precise arguments were made. With regard to the injunction? Pardon me? With regard to the injunction or with regard to the breach of the settlement agreement? With regard to the breach of the settlement agreement. With regard to the breach of the settlement agreement, the client, before we were retained, said we did not copy or sell any of these products. That sent a letter, an ex parte letter to the court, which preserved it on the record. But the way an R&R works is the magistrate judge issues something, you have 10 days to then file an objection. You did not object on the grounds that offer to sell was not within the bounds of the settlement agreement, did you? In the R&R, we filed evidentiary objections, which were separate from the actual objections to the R&R. And in the evidentiary objections, we said that there is no evidence of offer to sell. In the evidentiary objections. But you conceded an offer to sell, so why would you need evidence of it? We conceded an offer to sell, but that's not breach of the settlement agreement. That's the point that you didn't raise in response to R&R, did you? I'd have to look at the record. Would you like to save your rebuttal time? I'll save rebuttal time, thank you. Mr. Lynch.  We're here today because of the defendant's, in my view, utter disregard for court orders, at least two court orders, and utter disregard for standard judicial procedure. Why didn't you move to either dismiss this appeal or transfer it to the Second Circuit? On the question of subject matter jurisdiction? Yes. We didn't make that motion, Your Honor. We believe that this court would determine, perhaps before we even arrived here, if they felt that there was no subject matter jurisdiction. Our client's been kicked in the head many times in this case. Our preference is to not go back and tell the client that, you know, you've been, you know, defendants have messed up again, and you're now going to incur another $20,000 worth of legal fees. Well, it doesn't matter what your preference is. If we don't have jurisdiction, we can't act. I understand, and I understand that my opinion on that question doesn't . . . We're supposed to know when your appeals come in. We're supposed to look at them the day they come in and say, oh, maybe we don't have jurisdiction over this way? I understand that my view on this doesn't matter, that we can't even stipulate to give you jurisdiction, and I'm not going to stand here and tell you that our case involved the claim of design patent infringement because I think you and I know that it doesn't. Do you stand by the statements in your red brief that the court's order does not and cannot cover design patent infringement? Yes, I do. We made that argument specifically in response to defendant's argument that the court had somehow erred in not doing a proper analysis of design patents, and our response is there was no claim for design patents. Was it referenced in our application to the court? I wasn't the counsel at that stage of this case. You know, did they . . . I'm more of a, you know, less is more kind of guy. Did they want to show that defendants are bad guys and now they're also, you know, infringing on our patents? Did they want to send a warning? I don't know. But you could see that to the extent that the court referred to intellectual property, it could not have been referring to anything other than intellectual property that was at issue in the original litigation. That is correct. Which means dismiss or transfer? I'm sorry, Your Honor? Which means we should dismiss the appeal or transfer to the Second Circuit? I would defer to your decision on that, Your Honor. Well, you . . . of course. I mean, just . . . But I'm asking whether you agree with that proposition. You're here to answer questions. The court . . . Tell us what you think. I think there are no patent claims at issue here. I know the court did, in a kind of fuzzy way, refer to, you know . . . I mean, again, defendants, in my view, made so many convoluted arguments before the district court that we end up with a little bit of a convoluted decision in a sense. The judge does refer to, well, this order, of course, you know, wouldn't apply after a patent has been . . . has expired. But, of course, again, you're wasting our time because that's a distinction that doesn't make any difference. If we decide to dismiss or transfer, the scope of the injunction isn't before us. Is that correct? If we don't have jurisdiction over the appeal, then these other arguments go by the board on the merits. I would agree with that. And what should we do, dismiss or transfer? Well, assuming that we would end up in the Second Circuit in any event, if the defendants wish to pursue the appeal, again, my clients would prefer to get this case done as soon as possible and not to waste further time. I would obviously prefer for you to determine the case. I recognize that I don't have . . . That's what you'll get having paid your appeal fee. Yes, that's what I should get. If I can, I go on to address the merits, to respond to the merits as defendants have raised them. Again, we started out with, you know, we have a court order saying that I will retain jurisdiction over the settlement in all aspects. The Eastern District will hear either party who brings forth any claim for any breach of any provision of this agreement. Payment, further breach, further infringement. I will enjoin further infringements. I will order the infringer to disgorge profits if that's proper. Your opponent said that the court then dismissed the case. Correct. Is it your view that the retention of jurisdiction predominates over that? Absolutely. The court still has jurisdiction. Absolutely. And Konkonen does not state a rule that a district court cannot . . . can only retain jurisdiction by in a final order of dismissal stating I retain jurisdiction or I acknowledge the settlement agreement or . . . That is not what Konkonen did. Konkonen is a completely different case. You were in the middle of a trial. Counsel walked into the court and said, good news. We just settled down in the hallway. They put their order on the record. They don't ask the court to retain jurisdiction over the settlement. They don't ask the court to so order the settlement. The court later on said, well, I have inherent jurisdiction to, you know, it happened in my courthouse. I'm going to enforce the settlement agreement. Justice Scalia said, there's only one order here. That order did not retain jurisdiction. The order doesn't even refer to the settlement agreement. It just dismisses the case. Justice Scalia says, if the parties wanted to ask the court to retain jurisdiction, they could have. Our case is completely in opposite here. We have the district court saying, you know, reading this settlement agreement, so ordering this settlement agreement, saying I retain jurisdiction for any claim by any party. It just happened that defendants had to pay $16,000 to, you know, get off the hook so to speak. And 20 days later they did that. We go back to the district court. She says, you know, a month ago I so ordered that this case would be settled. It included ordering them to pay the $16,000. They've now paid it. Case dismissed. Referencing the order of settlement and simply following through on what, you know, she had in effect ordered herself to dismiss the case when they paid the money. They paid the money. She followed through on what she had ordered. The argument that the parties did not intend the district court to retain jurisdiction, this is the argument, by the way, that on which Judge Siebert really sanctions counsel. She looks at this and says, you must be kidding. This agreement does not express an intent that the parties wanted me to enforce this agreement for any breach by any party? My opposing counsel has a few minutes of rebuttal time left. I'd ask him to stand in front of this court and look you in the eye and say, well, I spoke to the client. And I went back and spoke to the old attorneys who negotiated this. And they assured me that there's no way we would have gone forward if we knew that the district court was going to retain jurisdiction to enforce this agreement. That's what they're saying. They never put a declaration in from anyone saying that was our intent. Do you agree with opposing counsel that whatever we decide with respect to jurisdiction in this case should govern jurisdiction over the 1305 case, the sanctions case? Well, that's a case that, again, I don't really have a horse in that race, the sanctions motion. I'm not a party to that. I will not be appearing before you on that appeal unless I'm directed to for some reason. I would think that intellectually, if you don't have jurisdiction today, you wouldn't have jurisdiction then. But, again, I don't have a dog in that fight, so to speak. Some of the other points that have been raised. Again, I start off by saying this case shows utter contempt for court orders and for procedures. They show contempt for the court orders that it would retain jurisdiction. They've shown contempt for the court's order to show cause. Come in on a date certain and show cause why I should not open this case and enforce the agreement against you. They're arguing now to this court, in effect, that they won. They proved that they didn't breach the agreement because they had submitted a three-page declaration, a hearsay declaration of one of their parties saying, yes, I offered to sell, but I stopped before I actually sold. Therefore, we win. Second Circuit, tell the district court that these guys won. Well, that's a hearsay declaration. They haven't proved anything. They haven't proved that they didn't sell. Where did they prove that they didn't sell any of these products? A hearsay declaration. They show up in court, order to show cause without a client, without any evidence. They say to the court, you know, the three-page declaration. That's just fine. We don't have to show anything. The court, based on that, says, well, I find you haven't shown that the plaintiffs aren't entitled to relief. They've put forth no evidence. Of course, the declaration, by the way, can be introduced to show the admission against interest when they say, yes, we were selling these things on the Internet. So defendants are now asking you to say to the district court, when you order someone to come in and show cause, that order doesn't mean anything. If they don't, you can't hold against them. We're telling you that they won because they submitted a three-page declaration. That's what they're asking you to do. And that is, in my view, contemptuous of the court's order to show cause. This issue on the molds, that we didn't come into the order to show cause and say anything about the molds. Well, yes, they didn't raise that argument. Well, no, they didn't go into the order to show cause and say, where's evidence about the molds? They didn't go to the district court in objecting to the R&R and saying nothing was said about the molds. The contract itself states, the settlement agreement states, that if defendants show that plaintiffs don't own the molds, then they won't be found to have breached that provision. Well, the contract says that it's their burden to raise a question about the molds. They never raised that question. The settlement agreement also provides two bases on which they can potentially be in breach. If they sell products that copy the molds or if they sell products that simply copy any of the various design elements of the plaintiff's products. So, that second prong there, they're guilty anyway, even if you somehow find that based on their submission of zero evidence, if you somehow find that they didn't sell products that copy the molds, they still sell products that copy the design elements of our products. And again, on this mold question, I'm not even sure what their argument is. The settlement agreement doesn't say you can't copy molds. It says you can't sell products that copy molds. As the district judge said, they never challenged that their products are subject to this settlement agreement. They didn't challenge that their products are infringing under the settlement agreement. They argue a bunch of other stuff. Well, we tried to sell, but we didn't really sell. They raised about three other arguments before the district court that they haven't argued here, but yet they come in and raise four other arguments that they never raised below. There were several arguments that they raised in their briefs that they don't touch on here. They say that the court erred in granting a 60B6 motion to modify or gain relief from an order. Well, we never moved under 60B6. We weren't seeking to modify or overturn an order. We were seeking to enforce an order. We didn't raise that. The district court didn't base its decision based on 60B6. They never argued 60B6 before the district court. And in fact, the cases that they cite clearly say that when someone in opposition, when a plaintiff feels that the settlement order has not been complied with, you don't come back to me with a 60B6 motion. You move to enforce the settlement agreement. The cases they cite, they criticize the plaintiffs for doing it that way. Well, we didn't do it that way. We came and asked the court to enforce the settlement agreement, which is what the court told us we should do whenever there's a breach. Again, I think we've covered the argument that the court did not do a proper analysis of design patent infringement. There was no need for that. Again, it wasn't raised. It wasn't sought below. They argued that the court improperly granted an injunction in the enforcement order, saying for the second time, don't do this. Don't infringe these products. Number one, it wasn't raised below. Number two, the party's settlement agreement says if you infringe, if you breach the agreement upon that showing, I, the district court, can enjoin you, order damages, order disgorgement of profits, etc. That agreement is the law between the parties. We came in initially and filed a complaint. We asked for injunctive relief. The parties settled. Like, you know, yes, no admission of liability, except we'll agree that we will stop doing what we were doing and we'll pay you a bunch of money. But that being said, the parties agreed to settle that case to avoid the expense of litigation, to avoid all the vagaries of litigation, and they said we don't want a hearing on the elements of a preliminary injunction. We just want to settle. Now our agreement is that if we do this again, the court can issue an enforcement order. That enforcement order can include injunctive relief. Again, they never asked the court to go through that analysis. They never objected when Magistrate Wall didn't go through that analysis. I think I may have covered everything that they have raised in their brief. Thank you, Mr. Lynch. You're welcome, Your Honor. Mr. Edmondson, you have four minutes. Thank you, Your Honor. With regard to the question of federal jurisdiction over this court's jurisdiction over the case, I'm going to quote from the order, page 15, number subsection 6. Defendants from importing, distributing, or selling products whose term of patent protection has expired. I think this term, patent protection, is critical to your assertion of jurisdiction here. The court is specifically referred to whether patents are in play and has made it part of the order of the court. Well, do we have jurisdiction over an agreement that says I won't sell a patented product? I mean, the mere fact that you have a contract, your settlement agreement, that says you won't sell a patented product doesn't mean that it creates jurisdiction over us, does it? We have agreement that doesn't recite a reference of patented product. I think that's not a dispute. But you're the one who raised it. You're the one who said to the judge, look, judge, we agreed not to sell these products, but if their patents expire, which patents were not at issue in the underlying case, we shouldn't be further limited, and the judge said okay. The judge basically agreed with you. But the judge issued an order which referenced the patent laws, and it's the patent laws that give this court jurisdiction to decide this dispute. With regard to Coconin, Coconin was a case where the parties came in 14 days later. Here we have a client coming in on a motion to reopen almost four years later. Taking this to extreme, they could do another motion to reopen 20 years from now. I don't think the Coconin says that the limited jurisdiction of the court would allow clients to come in and make motions to reopen, motions to reopen, motions to reopen. It's not that we're saying that the plaintiffs don't have relief. They have relief in possibly state court. They could file a new lawsuit. They could possibly go back to the Eastern District of New York and file a brand-new federal complaint. It's just the process of the motion to reopen is defective. Lastly, with regard to the issue about the Moults, if you look at page, I believe, 116, excuse me, 170 in the record, paragraph 6, I believe opposing counsel has incorrectly interpreted that section of the Moults. So on that point, I would dispute his position. On that matter, I'd like to submit. Thank you very much. Thank you.